# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

SADIEBOO, INC. d/b/a The Grow Store,
A Michigan Corporation,

      Case No.: 1:20-cv-212

    Plaintiff/Counter-Defendant,

      Hon. Paul L. Maloney

v.

MJ Tools Corp., Majic Trimmer Corp.,
Magic Trimmer Corp., and Iskandar
Manuel,

    Defendants/Counter-Plaintiffs.

---

| | |
|---|---|
| **Amanda Osorio (P79006)**<br>**John Di Giacomo (P73056)**<br>**Eric Misterovich (P73422)**<br>Revision Legal, PLLC<br>Attorneys for Plaintiff/Counter-Defendant<br>1514 Wealthy Street, Ste. 258<br>Grand Rapids, MI 49506<br>Ph.: (616) 258-6770<br>E: amanda@revisionlegal.com<br>E: john@revisionlegal.com<br>E: eric@revisionlegal.com | **John W. Fraser (P79908)**<br>**Daniel V. Barnett (P82372)**<br>**Cheyenne L. Benyi (P83662)**<br>Grewal Law PLLC<br>Attorneys for Defendants/Counter-Plaintiffs<br>2290 Science Parkway<br>Okemos, Michigan 48864<br>Ph.: (517) 393-3000<br>Fax: (517) 393-3003<br>W: www.4grewallaw.com<br>E: jfraser@4grewal.com<br>E: dbarnett@4grewal.com<br>E: cbenyi@4grewal.com |

---

# DEFENDANTS/COUNTER-PLAINTIFFS'
# MOTION TO STAY DISCOVERY AND FURTHER PROCEEDINGS PENDING RESOLUTION OF DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS

---

NOW COME Defendants/Counter-Plaintiffs MJ Tools Corp., Majic Trimmer Corp., Magic Trimmer Corp., and Iskandar Manuel (collectively, "Defendants"). Defendants hereby move for a stay of discovery and further proceedings in this matter until after Defendants' pending Motion for Judgment on the Pleadings (ECF No. 19) is decided by this Honorable Court for the reasons more fully stated in the accompanying Brief in Support.

                              Respectfully submitted,

Dated:  August 19, 2020                      /s/ John W. Fraser

                              **John W. Fraser (P79908)**
                              Grewal Law PLLC
                              Attorneys for Defendants/Counter-Plaintiffs
                              2290 Science Parkway
                              Okemos, Michigan 48864
                              Ph.: (517) 393-3000
                              Fax: (517) 393-3003
                              W: www.4grewallaw.com
                              E: jfraser@4grewal.com

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

SADIEBOO, INC. d/b/a The Grow Store,
A Michigan Corporation,

    Plaintiff/Counter-Defendant,

v.

MJ Tools Corp., Majic Trimmer Corp., Magic Trimmer Corp., and Iskandar Manuel,

    Defendants/Counter-Plaintiffs.

Case No.: 1:20-cv-212

Hon. Paul L. Maloney

---

| | |
|---|---|
| **Amanda Osorio (P79006)**<br>**John Di Giacomo (P73056)**<br>**Eric Misterovich (P73422)**<br>Revision Legal, PLLC<br>Attorneys for Plaintiff/Counter-Defendant<br>1514 Wealthy Street, Ste. 258<br>Grand Rapids, MI 49506<br>Ph.: (616) 258-6770<br>E: amanda@revisionlegal.com<br>E: john@revisionlegal.com<br>E: eric@revisionlegal.com | **John W. Fraser (P79908)**<br>**Daniel V. Barnett (P82372)**<br>**Cheyenne L. Benyi (P83662)**<br>Grewal Law PLLC<br>Attorneys for Defendants/Counter-Plaintiffs<br>2290 Science Parkway<br>Okemos, Michigan 48864<br>Ph.: (517) 393-3000<br>Fax: (517) 393-3003<br>W: www.4grewallaw.com<br>E: jfraser@4grewal.com<br>E: dbarnett@4grewal.com<br>E: cbenyi@4grewal.com |

---

**BRIEF IN SUPPORT OF DEFENDANTS/COUNTER-PLAINTIFFS'
MOTION TO STAY DISCOVERY AND FURTHER PROCEEDINGS PENDING
RESOLUTION OF DEFENDANTS/COUNTER-PLAINTIFFS' MOTION FOR
JUDGMENT ON THE PLEADINGS**

---

## INTRODUCTION AND BRIEF STATEMENT OF FACTS

This is a trademark infringement action brought by Plaintiff/Counter-Defendant Sadieboo, Inc. ("Plaintiff") against Defendants/Counter-Plaintiffs MJ Tools Corp., Magic Trimmer Corp., Majic Trimmer Corp., and Iskandar Manuel ("Defendants"). Defendants have filed Counterclaims seeking declaratory relief that Plaintiff's trademarks at issue in this action are invalid for genericness and must be cancelled (ECF No. 11). Defendants have also filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (ECF No. 19) seeking judgment as a matter of law on the claims raised in Plaintiff's Complaint on the basis that Plaintiff has failed to state a claim upon which relief can be granted and also seeking judgment as a matter of law on Defendants' Counterclaims. The parties submitted an agreed upon Joint Status Report (ECF No. 18) in advance of the scheduled Rule 16 Scheduling Conference in this matter, in which the parties agreed on numerous occasions "that it may be most efficient for Defendants' forthcoming motion for judgment on the pleadings to be resolved prior to agreeing to a discovery schedule in this matter. The parties propose that it would be appropriate to reschedule this matter for a Rule 16 Scheduling Conference following the Court's disposition of Defendant's [sic] proposed Motion." PageID.96-97. Counsel for Plaintiff and Counsel for Defendants signed the Joint Status Report, and Counsel for Plaintiff submitted the Joint Status Report for filing via the Court's ECF filing system. PageID.98.

A Rule 16 Scheduling Conference was held in this matter before the Hon. Phillip J. Green on Friday, August 14, 2020, at which time the Court requested that Defendants file the instant motion to request a stay of proceedings pending resolution of Defendants/Counter-Plaintiffs' Motion for Judgment on the Pleadings.

## LAW AND ARGUMENT

This Honorable Court has the inherent authority to determine the appropriate scheduling of proceedings in this matter, including the inherent authority to stay discovery. *Landis v. N. Am. Co.*, 299

4

U.S. 248, 254-55 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). The United States Court of Appeals for the Sixth Circuit has acknowledged that "[t]rial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis*, 299 U.S. at 254-55). A district court's decision to limit or stay discovery pending resolution of a dispositive motion will only be reversed "if the decision was an abuse of discretion resulting in substantial prejudice." *Id.*

This Court should further be guided by Federal Rule of Civil Procedure 1, which requires this Court to utilize its inherent authority and construe the Rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." It is axiomatic that the most expensive process of litigating a civil action is the conducting of discovery. Indeed, absent a stay, both Plaintiff and Defendants will incur substantial costs in conducting discovery in this matter, including, but not limited to, employing expert witnesses, conducting depositions, and propounding and responding to interrogatories and requests for production of documents. As has been noted by other trial courts confronted with a motion to stay discovery pending the resolution of a dispositive motion, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent the wasting of time and effort of all concerned, and to make the most efficient use of judicial resources." *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) (internal quotation marks and citations omitted). As the Sixth Circuit has further noted, "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based upon legal determinations that could not have been altered by any further discovery.'" *Gettings v.*

5

*Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In the instant matter, Defendants have filed a dispositive motion that seeks judgment as a matter of law without the development of any factual discovery. ECF No. 19. While Defendants' Motion is brought pursuant to Federal Rule of Civil Procedure 12(c), "[t]he standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001)). Defendants' pending Motion for Judgment on the Pleadings seeks judgment as a matter of law—essentially a Rule 12(b)(6) motion—as it relates to the claims raised in Plaintiff's Complaint. *See* ECF No. 19. While Defendants' Motion for Judgment on the Pleadings also seeks affirmative declaratory relief on Defendants' Counterclaims, that relief is essentially an alternative theory upon which Defendants' Motion may be granted. If the Court were to grant the Rule 12(b)(6) relief that Defendants seek by way of their Motion for Judgment on the Pleadings, Defendants' Counterclaims would have to be dismissed without prejudice, as Defendants would lack standing to maintain their Counterclaims as they would have no plausible basis for alleging injury-in-fact to maintain their Counterclaims for declaratory relief. *See, e.g.*, *Kanuszewski v. Mich. Dept. of Health & Human Servs.*, 927 F.3d 396, 405-07 (6th Cir. 2019) (reaffirming that standing for declaratory relief requires a plaintiff to show injury-in-fact)).

While Defendants believe that resolution of their Motion for Judgment on the Pleadings will be dispositive of all claims in this action, even if the resolution of Defendants' Motion does not dispose of the entire case, it may narrow the factual and legal issues that remain in dispute in this action. As a result, the resolution of Defendants' Motion will likely narrow the scope of discovery, which will result in cost savings to the parties and promote judicial economy. *See Landis*, 299 U.S. at 254-55; FED. R. CIV. P. 1.

6

Any prejudice that Plaintiff claims to suffer as a result of delaying discovery until after resolution of Defendants' Motion—a delay that Plaintiff had previously agreed to in the Joint Status Report—is de minimis. As noted in Defendants' Motion, Plaintiff's trademark registrations to "The Grow Store" are limited to retail and mail order sales of garden supplies. PageID.126. Defendants don't engage in any mail order sales, and Plaintiff's Complaint does not allege as such. *See* ECF No. 1. In fact, Plaintiff's Complaint does not even allege that Plaintiff engages in mail order sales. PageID.3-4 at ¶¶ 9-10. To the extent Plaintiff's claims relate to any form of infringement based on internet-based sales, Plaintiff cannot plausibly assert such a claim because Plaintiff, by its own admission on its website, did not even engage in such commercial activity until after the filing of its Complaint in this action. PageID.170 (noting that Plaintiff did not begin internet-based sales until after the start of the COVID-19 pandemic). Moreover, such activity is outside the scope of Plaintiff's federal or common law trademark protections in any event. PageID.126. As a result, the gravamen of Plaintiff's Complaint is that Defendants' operation of retail stores with a different name and logo that are about a 3-hour drive by car away from Plaintiff's store has caused or is likely to harm Plaintiff's retail business. The plausibility (or lack thereof) of such claims is precisely the focus of Defendants' Motion for Judgment on the Pleadings. Prior to the parties spending tens of thousands of dollars to conduct discovery and employ expert witnesses, a brief stay of discovery and further proceedings to try and resolve or narrow some or all of the issues in this matter is an appropriate exercise of the Court's inherent authority. *Gettings*, 349 F.3d at 304.

## CONCLUSION

For the reasons stated herein, Defendants/Counter-Plaintiffs respectfully request that this Honorable Court grant their Motion to Stay Discovery and Further Proceedings Pending Resolution of Defendants/Counter-Plaintiffs' Motion for Judgment on the Pleadings, order a stay of discovery and further proceedings in this matter until after the resolution of Defendants/Counter-Plaintiff's

Motion for Judgment on the Pleadings, and award Defendants/Counter-Plaintiffs any other relief that this Honorable Court deems appropriate.

                                          Respectfully submitted,

Dated:  August 19, 2020                  /s/ John W. Fraser

                                          **John W. Fraser (P79908)**
                                          Grewal Law PLLC
                                          Attorneys for Defendants/Counter-Plaintiffs
                                          2290 Science Parkway
                                          Okemos, Michigan 48864
                                          Ph.: (517) 393-3000
                                          Fax: (517) 393-3003
                                          W: www.4grewallaw.com
                                          E: jfraser@4grewal.com

## CERTIFICATION PURSUANT TO LCivR 7.2(b)(ii)

The undersigned hereby certifies that, to the best of his knowledge, this Defendants/Counter-Plaintiffs' Motion to Stay Discovery and Further Proceedings Pending Resolution of Defendants/Counter-Plaintiffs' Motion for Judgment on the Pleadings and Brief in Support, in its entirety (exclusive of the cover page, table of contents, index of authorities, signature block, exhibits, affidavits, certificate of service, and this certification) contains 1,498 words (as checked with Microsoft Word 2016's word counting function).

                                          Respectfully submitted,

Dated:  August 19, 2020                  /s/ John W. Fraser

                                          **John W. Fraser (P79908)**
                                          Grewal Law PLLC
                                          Attorneys for Defendants/Counter-Plaintiffs
                                          2290 Science Parkway
                                          Okemos, Michigan 48864
                                          Ph.: (517) 393-3000
                                          Fax: (517) 393-3003
                                          W: www.4grewallaw.com
                                          E: jfraser@4grewal.com